Blossom **VIGDOR**, Appellant,

v.

Phillip **YOUNG**, Chairman, et al., Members, United States Civil Service Commission, and H. V. Higley, Administrator of Veterans Affairs, Appellees.

**No. 13947.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 17, 1958.

Decided March 13, 1958.

Petition for Rehearing Denied April 25, 1958.

Mr. Rex K. Nelson, Washington, D. C., with whom Mr. Eugene X. Murphy, Washington, D. C., was on the brief, for appellant.

Mr. Fred L. McIntyre, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellees.

Before BAZELON, Circuit Judge, JACKSON, a Senior Judge of the United States Court of Customs and Patent Appeals,* and CURRAN, District Judge.**

---

* Sitting by designation pursuant to the provisions of § 294(d) of Title 28 United States Code.

** Sitting by designation pursuant to the provisions of § 292(a) of Title 28 United States Code.

PER CURIAM.

A proceeding to review the action of the Board of Appeals and Review of the United States Civil Service Commission was instituted by appellant in the District Court for the District of Columbia. After a hearing before the said court and due consideration of the record and briefs of the parties, both appellant and appellees moved for summary judgment. The motion of appellees was granted and that of appellant denied. From the judgment this appeal was taken.

The question at issue is whether appellant was entitled to the procedure provided for under Section 14 of the Veterans' Preference Act of 1944.[1]

On February 3, 1944, appellant enlisted as an Apprentice Seaman in the United States Navy and remained on active duty at the Naval Reserve Midshipman's School at Northampton, Massachusetts, until she was discharged under honorable conditions on March 16, 1944.

Because of such Military Service she was entitled the benefit of the said Veterans' Preference Act.

On September 3, 1946, appellant filled out and filed a United States Civil Service Form No. 52 in which she denied that she was in the Naval Service during war time. She further did not answer the question on the form as to the type of discharge.

For over seven years, appellant was employed as a permanent Civil Service employee by the United States Veterans Administration in the State of Illinois, GS-7 Educational Therapist, until she was removed from the Veterans Administration Hospital at Haines, Illinois, on May 10, 1954.

On April 12, 1954, removal proceedings were begun against her by the hospital authorities pursuant to Section 9.102 Civil Service Commission Regulations.

At the hearing appellant was represented by counsel who stated in an affidavit filed about two months subsequent to the hearing that although he had explained in detail to appellant the advantages of a hearing under the Veterans' Act, she denied that she was a Veteran and she persisted in her denial to a personnel officer that she had ever been in the Military Service.

Following a notification that her employment was at an end she filed an appeal to the Seventh Civil Service Region at Chicago, Illinois.

At that stage she then recanted and acknowledged that she had misrepresented the fact concerning her Military Service. Upon learning the appellant had been in Military Service the regional office held that she should have had the advantages of the Veterans' Preference Act and recommended her restoration.

The Veterans Administration Hospital appealed to the United States Civil Service Commission which held appellant to be estopped from complaining and reversed the decision of the regional office.

We think that in light of the course of conduct pursued by appellant in flagrantly failing to make required disclosures, the action of the Civil Service Commission is clearly correct.

Affirmed.

---

1. C. 287, 58 Stat. 390, as amended (5 U.S.C.A. § 851 et seq.).