**UNITED STATES of America, Appellee,**

v.

**Allen Zane LONSTEIN, Defendant-Appellant.**

**No. 242, Docket 30666.**

United States Court of Appeals
Second Circuit.

Argued Dec. 2, 1966.

Decided Dec. 15, 1966.

Morton S. Robson, Marshall, Bratter, Greene, Allison & Tucker, New York City (Ben Carter, New York City, of counsel), for appellant.

Paul K. Rooney, New York City (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, John A. Stichter, Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

PER CURIAM.

Section 6(c) (2) (A) of the Universal Military Training and Service Act, 50 U.S.C. App. § 456(c) (2) (A), provides, with an exception not here material, that any person who "prior to attaining the age of twenty-six years and prior to the issuance of orders for him to report for induction, enlists or accepts appointment in the Ready Reserve of any reserve component of the Armed Forces * * * shall be deferred from training and service under this Act so long as he serves satisfactorily as a member of an organized unit of such Ready Reserve * *." In 1961 the Department of the Army called the attention of Congress to the unduly limited character of existing provisions for priority induction of men who had so enlisted or been appointed but had not served satisfactorily; it recommended corrective legislation. 1961 U. S.Code Cong. & Adm.News, 87th Cong. 1st Sess. p. 3288. Congress responded with an amendment, 75 Stat. 807 (1961), now § 6(c) (2) (D), 77 Stat. 134 (1963, 50 U.S.C. App. § 456(c) (2) (D), which, so far as here material, empowers the President to provide by regulation that "any person enlisted or appointed after October 4, 1961, in the Ready Reserve of any reserve component of the Armed Forces * * * who fails to serve satisfactorily during his obligated period of service * * * may be selected for training and service and inducted into the armed force of which such reserve component is a part, prior to the selection and induction of other persons liable therefor." Pursuant to this authorization, the Regulations, 32 C.F.R. § 1631.8, provide "that any registrant enlisted * * * in the Ready Reserve of any reserve component of the Armed Forces * * * who fails to serve satisfactorily during

his obligated period of service as a member of such Ready Reserve * * * as certified by the respective armed force, shall be ordered to report for induction by the local board regardless of the class in which he is classified and without changing his classification."

Lonstein, born in 1939, had been classified 1–A by his local selective service board in Kingston, N. Y., but was reclassified 1–D in 1962 because of his enlistment in a company of the Army Reserve at Monticello for a program requiring him to serve six months on active duty, which he did that autumn, and for five and a half years to attend weekly drills and serve two weeks of summer duty with his company. Between January 1963 and May 1964 he was absent from 24 drills without permission. After denial of his request for transfer to a "control group"—a reserve unit in which a member is not required to attend weekly drills—he was ordered to active duty for 45 days of corrective training, ending on July 29, 1964. Having absented himself from the next drill, on August 11, he was warned by his captain by certified mail that absence from five drills would subject him to induction for unsatisfactory participation. There was no reply. Further absences on August 18 and September 1 were followed by similar warnings and silence. On September 14 the captain advised him that his absences, now totalling five, had placed him "in a reportable status" on which the captain must act unless explanation were made. Lonstein having ignored this, the captain again wrote on October 9 that the absences, which had grown to nine, left no recourse except to report Lonstein unless the latter could explain his delinquency. On February 26, 1965, the Army notified Lonstein and the Board that he had been certified for induction under § 6(c) (2) (D) for unsatisfactory participation. The Local Board sent his file to the State Headquarters of the Selective Service System which recommended to the Board that Lonstein be ordered to report for induction and noted that no change of classification was necessary.

On April 1 the Clerk of the Board sent Lonstein an order to report for induction on April 6.

Lonstein failed to report. Instead, on April 7, he complained of deprivation of a hearing on his "change of classification," which, as the Board promptly advised him, had not occurred. He responded on April 19 with a new excuse, that he had been transferred on July 30, 1964, from the company at Monticello to a "control group" of the 2d Army Corps at its headquarters at Fort Wadsworth on Staten Island; he later testified that he thought this to have been in confirmation of promises earlier made him by various unnamed officers. In fact, the Second Army had issued such a transfer on March 19, 1965, as of July 30, 1964, but when the Local Board brought Lonstein's letter to the captain's attention, at the same time writing Lonstein that his status as a delinquent remained unchanged, the Army forthwith revoked the March 19 order and the captain forwarded the revocation to the Board, advising that the order had been "an administrative action to relieve Lonstein from this unit and was in error." The clerk then notified Lonstein to report to the Board for induction on April 30. He failed to appear but showed up on June 8 at the Army Recruiting Station at Albany with a request for immediate induction, accompanied, however, by a doctor's statement of physical disability. After many delays in arranging for a physical examination, the Board on July 16 informed Lonstein that he had been found acceptable and again directed him to report for induction, this time on July 21. He did not.

 If anyone who has read up to this point wonders why this appeal was taken, so do we. Determination whether Lonstein had satisfactorily performed his duties was for the Army; if he seriously believed he had been relieved of the duty to attend drills, his remedy was to seek to have the Army's certification withdrawn. So long as that remained effective, the Local Board's responsibility was solely ministerial, to bring into active service a soldier who had already enlisted and whose reserve status had been terminated; the Regulations as to the right to a hearing with respect to a classification or refusal to reopen one were thus inapplicable. The order of March 19, 1965, did not blot out Lonstein's past misbehavior; moreover, it was promptly revoked and Lonstein failed to obey later orders to report for induction. He was not entitled to the instruction requested by his counsel that if the jury found he "believed he was in a control group at the time he received the order of induction from the draft board," the jury must find him not guilty; instead the judge properly charged that in order to convict, it "must be satisfied that he [Lonstein] was aware that he had to submit and that he deliberately refused to do so." Other points raised do not merit mention.

Affirmed.