**UNITED STATES of America,
Plaintiff,
v.
Terry Clemens SMITH, Defendant.
Crim. No. 4206.**

United States District Court
D. Montana,
Butte Division.
April 4, 1967.

Moody Brickett, U. S. Atty., Butte, Mont., and Arthur W. Ayers, Jr., Asst. U. S. Atty., Billings, Mont., for plaintiff.

Joseph P. Hennessey, Billings, Mont., for defendant.

### MEMORANDUM OPINION

JAMESON, Chief Judge.

By an indictment returned January 20, 1967, the defendant, Terry Clemens Smith, was charged with a violation of 50 U.S.C. App. § 462 for failing to comply with an order of his local selective service board to submit to induction into the armed forces of the United States. The defendant entered a plea of not guilty on February 3, 1967. Since one of defendant's defenses is improper classification by his draft board, counsel for the defendant and the Government requested a hearing before the court without a jury for a determination of this question. A hearing was held on February 17, and the last memorandum was filed March 24, 1967.

Smith, born in 1942, enlisted in the Army National Guard in December, 1961. While with the National Guard, he served on active duty from March to September, 1962, at Fort Ord, California. On December 19, 1964, Smith was honorably discharged from the National Guard and assigned to a United States Army Reserve unit to complete the balance of his military obligation. Commencing some time after his assignment to the Reserve component, the defendant failed to attend the drills and training meetings required by the Army.

On September 26, 1966, Smith's local selective service board received a report dated September 22 from the commanding officer of Smith's unit, that the defendant had ceased to serve satisfac-

torily. In that report (Ex. 2) it was stated:

"All reasonable efforts in accordance with current regulations have failed to induce satisfactory participation. Certified for induction under section 6(c) (2) (D), UMTS Act, as amended."

Accordingly, the local board by order dated September 30, 1966, notified Smith to report in Butte, Montana, for induction on October 20, 1966.[1]

On November 4, 1966, Smith's draft board received another report and letter from the defendant's Reserve unit that the defendant had been dropped from the rolls of the Army by reason of absence without proper authority from scheduled unit training. Thereafter, Smith was sent to Butte for physical examination and induction on December 1, 1966.

After completing the bulk of the physical examination on December 1, it was necessary for the defendant to leave the induction center because of a malfunction in equipment. While away from the center, ostensibly to have an X-ray taken, Smith returned to his home in Billings, Montana, and failed to report back to the center.[2]

The gravamen of the defendant's contention is that his local selective service board had the power to reclassify him after certification from his reserve unit, and that it erred by not so doing, after considering his physical condition. With respect to his physical condition, which the defendant asserts would preclude his induction, reports from several doctors were offered in evidence and objected to by the Government. The question before the court is whether the local board was required to reclassify the defendant on the basis of his physical condition, before it ordered him to report for induction.

Section 6(c) (2) (A) of the Universal Military Training and Service Act, 50 U.S.C.App. § 456(c) (2) (A), provides that any person who:

" * * * prior to attaining the age of twenty-six years and prior to the issuance of orders for him to report for induction, enlists or accepts appointment in the Ready Reserve of any reserve component of the Armed Forces * * * shall be deferred from training and service under this Act so long as he serves satisfactorily as a member of an organized unit of such Ready Reserve * * *."

In 1961, this statute was amended[3] to empower the President to provide by regulation that:

" * * * any person enlisted or appointed after October 4, 1961, in the Ready Reserve of any reserve component of the Armed Forces * * * who fails to serve satisfactorily during his obligated period of service * * * may be selected for training and service and inducted into the armed force of which such reserve component is a part, prior to the selection and induction of other persons liable therefor."

Pursuant to this authorization, the Regulations, 32 C.F.R. 1631.8, provide:

" * * * that any registrant enlisted * * * in the Ready Reserve of any reserve component of the Armed Forces * * * who fails to serve satisfactorily during his obligated period of service as a member of such Ready Reserve * * * as certified by the respective armed force, *shall be ordered to report for induction by the local board regardless of the class in which he is classified and without*

---

1. Smith testified that he was late for his physical examination in Butte, but telephoned the induction center and was told to come back on December 1, 1966.

2. Smith testified at the hearing that the examining doctor told him that he was fit for military service before he saw any X-rays, that when Smith failed the ear examination, the doctor told him to quit faking or he would be summarily inducted, and that because of this, he "got scared" and did not report back after the X-ray was taken.

3. 75 Stat. 807, now § 6(c) (2) (D), 77 Stat. 134, 50 U.S.C.App. § 456(c) (2) (D).

*changing his classification."* (Emphasis added).

Because of the factual situation in the present case, and the regulation under which the defendant was inducted, case law on the subject is relatively rare. However, the Court of Appeals for the Second Circuit has recently had occasion to pass upon these regulations in a case that is factually similar to the instant case. In United States v. Lonstein, 2 Cir. 1966, 370 F.2d 318, the defendant was convicted of failing to report for induction in violation of 50 U.S.C.App. § 462. The defendant was certified by his Reserve unit as available for induction because of failure to attend training meetings. He was ordered to report for induction and refused, contending that he had been improperly classified and that he had been denied a hearing on his reclassification. In affirming his conviction, the court said:

"If anyone who has read up to this point wonders why this appeal was taken, so do we. Determination whether Lonstein had satisfactorily performed his duties was for the Army; if he seriously believed he had been relieved of the duty to attend drills, his remedy was to seek to have the Army's certification withdrawn. So long as that remained effective, the Local Board's responsibility was solely ministerial, to bring into active service a soldier who had already enlisted and whose reserve status had been terminated; the Regulations as to the right to a hearing with respect to a classification or refusal to reopen one were thus inapplicable." (370 F.2d at 320).

█ The same rule is applicable in the present case. If Smith believed that his physical condition would relieve him from a duty to attend drill, he should have sought to have the Army's certification withdrawn.[4] In any event, it is clear that the board's order of induction was purely ministerial in nature, and that the defendant would not be entitled to a review of or change in his classification prior to induction.

█ Because of his refusal to report for induction, Smith failed to exhaust his administrative remedies. He did not bring himself to the "brink of induction" and is therefore without standing, in this respect also, to assert the invalidity of his classification. Moore v. United States, 9 Cir. 1962, 302 F.2d 929 and cases there cited. "Only when the registrant has complied with all the steps in the selective process is he entitled to judicial review of his classification." It is "generally held that a registrant must obey an order to report for induction into the Armed Forces before he may defend on the ground that his classification is illegal. The reason for this rule is that one ordered to report for induction may yet be found unacceptable for military service." Daniels v. United States, 9 Cir. 1967, 372 F.2d 407, including note 8.

Smith failed to bring himself to the "brink" of induction because he did not fully complete his physical examination. It is possible that the examining doctor would have found him unfit for military service; however the defendant did not wait to find out.

In any event, whether or not the defendant is or is not physically fit for service at the present time has no bearing on the fact that he failed to obey a valid order of his selective service board to report for induction. In view of his failure to obey the induction order he is not entitled to judicial review of his classification. Accordingly the exhibits regarding his physical condition are immaterial to the question before the court, and the Government's objections thereto must be sustained.

4. Smith testified that when he received the letter from his Reserve unit informing him that he had been dropped from the rolls, he "phoned and complained about being dropped" but received no satisfaction from the Army. It does not appear that he took any other action to excuse or explain his absence or to seek withdrawal of the certification.