**UNITED STATES ex rel. Anthony L. CAPUTO, Jr.**

v.

**G. F. SHARP, Capt., U.S.N., Commanding Officer, U. S. Naval Station Brig, Philadelphia, Pa.**

**Misc. No. M–3799.**

United States District Court
E. D. Pennsylvania.

Feb. 12, 1968.

John Rogers Carroll, Philadelphia, Pa., for relator-respondent.

Drew J. T. O'Keefe, U. S. Atty., James C. Lightfoot, Asst. U. S. Atty., Philadelphia, Pa., for respondent-petitioner.

## MEMORANDUM OPINION

WEINER, District Judge.

Relator Caputo seeks a writ of habeas corpus to release him from his allegedly improper induction into the Marine Corps. Defendant has responded by moving to dismiss relator's petition for lack of jurisdiction. Based on the discussion below, we deny defendant's motion and grant relator a hearing on his petition.

■ The federal district courts have jurisdiction to grant a writ of habeas corpus to one who establishes that he is "in custody under or by color of the authority of the United States * * *." 28 U.S.C. § 2241(c) (1). More particularly, habeas corpus is available to determine whether the governmental agency under whose authority relator is being held has the requisite jurisdiction to do so, Eagles v. United States ex rel. Samuels, 329 U.S. 304, 311, 67 S.Ct. 313, 91 L.Ed. 308 (1946); accord, United States ex rel. Weidman v. Sweeney, 117 F.Supp. 739 (E.D.Pa.1953) (Clary, J.).

Defendant's argument that this court has no jurisdiction over this petition for habeas corpus relief until relator exhausts certain internal administrative remedies confuses the law in the post-induction area with that of several neighboring but distinct domains.

■ Habeas corpus is an extraordinary remedy, and is generally reserved for those situations where other relief is not practically available. Hence, this court would have no jurisdiction to entertain an application for a writ of habeas corpus prior to the relator's actual induction, e. g., Moskowitz v. Kindt, 273 F.Supp. 646, 648 (E.D.Pa.1967), and the cases there cited. Another situation which limits the availability of this type of relief is analogous to the law governing collateral attack in federal court of state convictions: Where a relator has been convicted by a court-martial, he must first exhaust his remedies under the Uniform Code of Military Justice before applying to a federal district court for a habeas corpus writ, Gorko v. Commanding Officer, 314 F.2d 858, 860 (10th Cir. 1963), Gusik v. Schilder, 340 U.S. 128, 70 S.Ct. 1014, 94 L.Ed. 1382 (1950).

United States ex rel. Sanders v. Yancey, 260 F.Supp. 855 (S.D.N.Y.1966), cited by the government, is not apposite to this motion. The court therein held merely that relator had failed to bring to his draft board's attention his prior discharge in contesting his I-A classification, id. at 858. In the instant case, relator's board could not have failed to have had notice of his claim, since it was the board which purportedly reclassified him as IV-F. United States v. Lonstein, 370 F.2d 318 (2d Cir. 1966) is likewise inapposite, since the contention therein which was held unreviewable on habeas corpus was whether relator had satisfactorily performed his duties as a member of the Army Ready Reserve, id. at 320.

■ Relator herein seeks the classic determination for which the great writ of habeas corpus has always served as a vehicle: whether his detention is in accordance with, or contrary to, the law. For this purpose an inductee in the position of relator may apply to the federal district court for a hearing to determine whether or not the writ should issue, 50 U.S.C. App. § 460(b) (3), as amended,

Pub.L. No. 90–40, § 1(8)–(10), 81 Stat. 104, 105 notwithstanding, see *Moskowitz,* supra at 648; accord, Brown v. McNamara, (3d Cir., November 24, 1967) 387 F.2d 150, 152 (by implication).

### ORDER

And now, February 12, 1968, defendant's motion to dismiss relator's petition is denied. A hearing will be held on the above-captioned matter on Wednesday, February 14, 1968, at 8:30 A.M.

It is so ordered.