**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul Luther BLEGEN, Defendant-
Appellant.**

**No. 16748.**

United States Court of Appeals
Seventh Circuit.

Jan. 31, 1969.

George C. Pontikes, Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., Howard M. Hoffman, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Michael B. Nash, Thomas N. Todd, Asst. U. S. Attys., of counsel.

Before HASTINGS, SWYGERT and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Defendant-appellant, Paul Luther Blegen, was indicted for violation of Section 462, Title 50 App. U.S.C., for wilfully and knowingly neglecting, failing and refusing to report for induction in the Armed Forces of the United States on March 1, 1967. Trial was held without a jury and Blegen was found guilty and sentenced to serve in prison for a period of two years. Blegen appeals from this conviction.

Blegen, whose date of birth is November 23, 1939, was registered with Local Board No. 122 in Wheaton, Illinois, on November 27, 1957. Blegen was in attendance at Wheaton College during the years 1958 through January 1960 after which he was classified 1–A. On March 15, 1963, following an Armed Forces physical examination, he was found acceptable and ordered to report for induction on April 23, 1963. Defendant visited his local board on March 18, 1963, and requested a deferment to finish his education. He stated that he would seek readmission to Wheaton College. An acceptance letter for the fall term matriculation was received from the College dated April 18, 1963. Through the issuance of Selective Service Form 264 (to send cover file) his file was forwarded to State Headquarters. It was returned to the Board in July, 1963, after which Blegen was classified 2–S. He remained in the student deferment classification until July 21, 1965, when he was reclassified 1–A. At that time he had already received his degree from Wheaton College.

An order of induction was issued by the Board ordering the defendant to report for induction on September 27, 1965. Blegen requested deferment because of his business obligations and to allow him to engage in additional compensated work for "The Hope of the World Radio" operated by his father, Allen R. Blegen. A letter was received by the Board from Congressman John N. Erlenborn requesting a personal appearance for Blegen to explain his reasons for deferment. His personal appearance being granted, he appeared before the Board on September 20, 1965, and was informed that after consideration by the Board, its order for induction would "stand as scheduled." On September 24, 1965, a letter was received by the Board from Major J. G. Doser, recruiting officer of "F" and "G" companies of the 2nd Battalion, 24th Marine Corps Reserve, requesting a draft release to permit Blegen's enlistment in the Marine Corps Reserve. The Board released Blegen from the induction order inasmuch as he had enlisted.

The enlistment form signed by Blegen set forth the conditions of his enlistment: satisfactory participation, attendance and performance of at least 90% of all scheduled drills and not to exceed 17 days of active duty training each year. Additional conditions of enlistment, among others, are the following:

d. Under current Selective Service Regulations I will not be inducted so long as my participation as a member of the Marine Corps Reserve is satisfactory, and will not be subject to induction after 6 years of such satisfactory participation (except in time of war or national emergency thereafter declared by Congress).

\* \* \* \* \* \*

f. I UNDERSTAND that SATISFACTORY PARTICIPATION consists of ATTENDANCE AT and SATISFACTORY PERFORMANCE OF at least 90% of all scheduled drills and not to exceed 17 days of active duty for training each year with the unit to which attached, or if I am subsequently transferred to the Volunteer Ready Reserve, performance of active duty for training not to exceed 30 days each year. I understand that I will not be excused from active duty for training which may fall during the months of June, July, or August for the purpose of attending college.

g. I FURTHER UNDERSTAND that if I fail or refuse to perform the training duties required, I may be ordered without my consent to perform not to exceed 45 days of additional active duty for training, or I may have my draft delay canceled, or my draft deferment canceled, and if so canceled, I may be inducted by the Selective Service System prior to the induction of other persons liable therefor.

Blegen was classified 1–D upon his enlistment and performed six months active duty training as required by his enlistment. On July 21, 1966, a notice of "ceased to serve satisfactorily" was received by the Board signed by Major J. G. Doser. On September 12, 1966, a further notice of "ceased to serve satis-factorily" was received by the Board signed by Captain D. E. McFadden, Jr. This notice certified Blegen for "priority induction."

The Board reclassified Blegen 1–A on September 1, 1966. Blegen requested an appeal of this reclassification on September 12, 1966, claiming a right of personal appearance and appeal. The hearing date was set for October 6, 1966, and held on that date. Blegen appeared at the time set and presenting no new or additional facts for consideration, was invited to present anything further for consideration by the Board not later than October 10, 1966. The record before this court does not indicate that any further information was presented and the Board affirmed his classification. Blegen then requested an appeal and the file was forwarded to the Appeal Board on October 14, 1966. The Appeal Board sustained the 1–A classification on February 8, 1967.

On February 10, 1967, the Illinois Headquarters, Selective Service System, by letter informed the Marine Corps Headquarters, of which Blegen was a member, of the 1–A classification status and requested "a current DD Form 44, indicating that he is still a member of your unit and certifying him for priority induction. Upon receipt of this information, we will then authorize his local board to order him for induction under Section 1631.8 of the Selective Service Regulations." Form DD 44, dated February 13, 1967, was received by the Board from "F" Co. 2nd Bn. 24th Marines, signed by Major Doser, on February 16, 1967.

Illinois Headquarters, Selective Service System, informed Local Board No. 122 "to increase your induction call No. 201 for 1 March 1967 from twelve (12) to thirteen (13) men."

An Order to Report for Induction from Local Board No. 122 was mailed to Blegen on February 16, 1967, to report on March 1, 1967, at 5:30 a. m. Blegen failed to report for induction as ordered, and subsequently on March 10, 1967, a Delinquent Registrant Report was sent

to the U. S. Attorney's Office, Northern District of Illinois, which resulted in an indictment by the July 1967 Grand Jury charging the defendant with violation of Section 12, Universal Military Training and Service Act, Section 462, Title 50 Appendix, U.S.C.

Defendant contends that Local Board No. 122 lacked authority to induct the defendant on a priority basis pursuant to Selective Service Regulation 1631.8 on February 16, 1967, since certification for priority induction on September 12, 1966, removed defendant from the jurisdiction of the Marine Reserve.

■ This question would not be before the Court if defendant Blegen had not sought and obtained a hearing and personal appearance and an appeal from the Board's decision. This procedure which guarantees each inductee every opportunity for a thorough, complete and fair hearing is required under Selective Service Regulations. Every consideration was given to defendant Blegen.

The granting of a hearing and appeal does not change the status of the reservist for early induction. At a time when the United States requires an armed force for defense purposes, it is unreasonable to conclude that a selectee could avoid service by taking every advantage provided to determine whether he is acceptable and whether there has been compliance with the law and regulations prior to induction. The defendant has sought and taken advantage of every exception to active duty service available to him. He has taken advantage of student exemption and when he received his degree from Wheaton College and was properly reclassified to 1–A, he sought further exemption from active duty by enlisting in the Marine Reserve thereby being classified 1–D.

Having obtained a deferment through this enlistment, he failed to meet the requirements of this classification by refusing to attend the minimal number of drills required to retain his classification.[1] Defendant does not state he

1. Blegen's failure to comply with the requirements of his reserve enlistment was fully described in a letter to the local board from Major J. G. Doser, the inspector-instructor of his unit, dated 7 October 1966 as follows:

"1. Private BLEGEN enlisted in the U. S. Marine Corps Reserve for 6 years on 24 September 1965. At this time he signed a Statement of Understanding to the effect that he understood he was required to perform a 6 month period of active duty for training, attend at least 90% of all scheduled drills and participate in not more than 17 days of active duty for training each year.

\*　　\*　　\*　　\*　　\*

3. Private BLEGEN was given credit for attending 3 of the 4 drills scheduled during June 1966. He was awarded an unauthorized absence for one of these 4 scheduled drills because he was late.

4. Private BLEGEN was absent from the 2 drills scheduled for 10 July 1966, was not excused and, therefore, was awarded 2 more unauthorized absences.

5. These 2 unauthorized absences for 10 July plus the unauthorized absence awarded during June placed Private BLEGEN in an unsatisfactory participant status and enforcement measures were initiated to induce satisfactory participation. Pri-

vate BLEGEN was ordered to report to this unit on 29 August for 5 days involuntary active duty for training and a DD Form 44 was sent to Local Board #122 indicating unsatisfactory participation. Private BLEGEN did not report for this duty.

6. This unit was scheduled to attend Annual Training Duty during the period 30 July–14 August 1966. Private BLEGEN did not attend this training, was not excused and did not request a period of alternate Annual Training Duty.

7. Private BLEGEN was scheduled to attend drill on 27–28 August 1966. He did not attend, could not be contacted, was not excused and was, consequently awarded 4 more unauthorized absences. Private BLEGEN was scheduled to attend drill on 10–11 September 1966, did not and was awarded 4 more unauthorized absences.

8. Further enforcement measures were taken on 2 September 1966 since it was apparent that Private BLEGEN could never be induced by any means whatsoever to participate satisfactorily with his Organized Marine Corps Reserve Unit. A letter requesting that Private BLEGEN be certified for priority induction was sent to the Director, 9th Marine Corps District. This request was approved and on

did not understand the conditions of his voluntary enlistment nor does he challenge the unsatisfactory service report.

■ Title 50, U.S.C. Appendix, Section 456(c) (2) (d) provides that a person who enlists after October 4, 1961, in a reserve component of the Armed Forces and fails to serve satisfactorily during his obligated period of service may be inducted into the armed force of which such reserve component is a part, prior to the selection and induction of other persons liable therefor. The language is very specific and simple. Section 456(c) (2) (d) does not state he will be discharged from his enlistment upon a report of unsatisfactory service, which would be required if the Court were to follow the reasoning and argument of the defendant. The reserve enlistee remains a member of the reserve component until such time that he is inducted into the active component of his reserve unit.[2]

Blegen remained at all times a member of his unit, whether his service was satisfactory or not, and his Commanding Officer was legally and properly contacted for a further Form 44 report on February 13, 1967.

According to defendant, under the Marine Reserve Training Standard Operating Procedure, MCOP 1001 R.43, ¶ 2105 [3] certification to the Board based upon unsatisfactory participation means that the "reserve unit has exhausted all possibilities of returning the reservist to good standing within his unit. * * " While this may be true, it does not finalize the record keeping of the enlistment in the Corps, which cannot be closed except by discharge, death or induction into the active service.

■ Defendant further contends that the Board's reclassification from 1–D (member of a reserve component) to 1–A (available for military service) after receiving Form 44 rendered Selective Service Regulation 1631.8 [4] inapplicable,

9 September 1966 Private BLEGEN was certified for priority induction and a DD Form 44 to this effect delivered to Local Board #122.

2. If this were not so, what reason would there be for the statements contained in the letter of February 14, 1967, from Major Robert W. Brittin of the Illinois Headquarters, Selective Service System directed to Local Board No. 122 of the following language:
"In accordance with Local Board Memorandum No. 63, Paragraph 4, please indicate the branch of service he is being inducted from on the SSS Form No. 261. Also, on the DD Forms 47, after entering the required information as stated on Local Board Memorandum No. 63, please indicate his original date of enlistment and service number.
"When you have received confirmation that this individual has been inducted into the Armed Forces, please write immediately to his Commanding Officer in the Marine Corps advising him of his induction date. Should he be found not qualified for induction, it is also requested that you advise the Commanding Officer of this fact. This registrant is to be inducted into the Marine Corps. Please indicate such on all induction papers."

The transmission of such information is required by the reserve components in order that they may terminate the enlistment record of the individual and close out his file in the reserve component.

3. Category H personnel and all mandatory participants who enlisted subsequent to October 4, 1961, who fail to participate satisfactorily in the Ready Reserve shall be certified to the Selective Service System for priority induction (on DD Form 44), provided the individual has registered therewith and further provided that the CG, MARTC, District DD Director, or the CO MCRDSC, determines that the application of the involuntary ACDUTRA compliance measure will not be in the best interest of the Marine Corps. * * * MCO P 1001 R.43 Marine Reserve Training Standard Operating Procedure, paragraph 2105.

4. 1631.8 *Registrants Who Shall be Inducted Without Calls.*—(a) Notwithstanding any other provision of the regulations in this chapter, any registrant enlisted or appointed after October 4, 1961, in the Ready Reserve of any reserve component of the Armed Forces (other than under section 511(b) of Title 10, United States Code), the Army

since the "regulation states specifically that the registrant is to be inducted immediately. * * *" Granting a liberal interpretation, nowhere in this regulation can the Court find such meaning. The regulation does state "[a]ny registrant who is ordered to report for induction under this paragraph shall be forwarded for induction at the next time the local board is forwarding other registrants for induction or at any prior time. * * *" This procedure was followed and is evidenced by the letter from the State Headquarters dated February 14, 1967.

■ The classification of 1–D was notice to the Board that defendant was performing his service in the reserve satisfactorily and was a bar to his being inducted into active service. Upon receiving the Form 44 informing the Board of unsatisfactory service, the bar to his being inducted was removed and, there being no extenuating circumstances or disabilities, the classification of 1–A was entirely proper. The further use of hearings and appeals by defendant are no bar to induction.

■ A classification of 1–A placed upon defendant the responsibility of providing the Board with such facts and information to indicate he was improperly classified and not upon the Board to defend the classification. Each registrant has within his particular and personal knowledge, in many instances, facts known only to him and it is his responsibility to transmit this information to members of the Board for consideration in order that they may determine whether their classification is correct. The Board provided defendant with this opportunity, and in addition, allowed a personal appearance. The Board further extended the opportunity to defendant to present in writing anything further for its consideration for change of classification before final decision, which courtesy is not required.

The cases are legion to support the contention that Blegen was provided not only every required opportunity for fairness before the Board, but was in fact given additional courtesies not normally available or required. Giese v. U. S., 79 U.S.App.D.C. 126, 143 F.2d 633 (1944), affirmed, 323 U.S. 682, 65 S.Ct. 437, 89 L.Ed. 553 (1945), wherein the refusal to permit the defendant to challenge the validity of an induction order issued by the local board did not deprive the defendant of due process of law. Kariakin v. U. S., 261 F.2d 263 (9th Cir. 1958) sustained conviction for the failure of defendant to report for induction stating he was not deprived of due process of law because of failure of the local board to reclassify on or after

National Guard, or the Air National Guard, prior to attaining the age of 26 years, or any registrant enlisted or appointed in the Army National Guard or the Air National Guard prior to attaining the age of 18 years and 6 months and prior to September 3, 1963, and deferred under the provisions of section 6(c) (2) (A) of the Military Selective Service Act of 1967, which were in effect prior to September 3, 1963, or any registrant enlisted in the Ready Reserve of any reserve component of the Armed Forces prior to August 1, 1963, and deferred under section 262 of the Armed Forces Reserve Act of 1952, as amended, who fails to serve satisfactorily during his obligated period of service as a member of such Ready Reserve or National Guard or the Ready Reserve of another reserve component or the National Guard of which he becomes a member as certified by the respective armed force, shall be ordered to report for induction by the local board regardless of the class in which he is classified and without changing his classification. Any registrant who is ordered to report for induction under this paragraph shall be forwarded for induction at the next time the local board is forwarding other registrants for induction or at any prior time when special arrangements have been made with the induction station, without any calls being made for the delivery of such registrants. Whenever the local board desires to deliver such a registrant specially, it shall request the State Director of Selective Service to make the special arrangements for time and place at which the registrant may be delivered for induction." (A. 25).

a certain date, where the file disclosed that none of the requirements set forth in the regulations for reopening or reclassifying defendant were shown to have been present. In Frank v. U. S., 236 F.2d 39 (9th Cir. 1956), registrant's letters to local board requesting personal appearance without specifically requesting a reopening did not comply with regulations requiring written request for reopening, was not a denial of due process. In Bejelis v. U. S., 206 F.2d 354 (6th Cir. 1953) the Regulation, giving registrant the right to appear and discuss his classification and to direct attention to information which he believes will assist in determining proper classification, is mandatory, and its violation by a local board constitutes denial of due process. In Porter v. U. S., 334 F.2d 792 (7th Cir. 1964) failure of local board which mailed induction order before learning of registrant's marriage and development of conscientious objections, to formally consider evidence of change did not deny due process to registrant who failed to report his marriage promptly and failed to file a timely conscientious objectors form as directed. In U. S. v. Davis, 279 F.Supp. 920 (D. Conn. 1967), affirmed, 390 F.2d 879 (2d Cir. 1968) where draft board's classification of defendant was in accord with the law and regulations, it was not denial of due process for the local board, without a hearing, to classify defendant 1–A solely on the basis of information contained in his file.

Counsel for defendant would have us believe that the Selective Service Director's words "It is the opinion of this Headquarters that he cannot be processed for immediate induction under Sec. 1631.8 of the Regulations at the present time as he does have a legal right of personal appearance and appeal," prevented the Board from proceeding with the induction because "immediate induction" was not possible. We very much doubt that counsel would have any ob-

jection should the appeal have revealed facts to reclassify defendant in one of the exempt categories.

■■ Counsel cites Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917 (1944) where the Court held that persons who are subject to induction are civilians and a registrant is not subject to military jurisdiction until he has taken the oath of induction. The statement is correct, but we fail to see its application to this case since Billings was in civilian status when he refused to take the oath on induction, while Blegen had voluntarily taken an oath upon enlistment in the Marine Reserve. Blegen, by enlisting, obligated himself to serve in the military and was exempted from active duty only if he met certain requirements of the reserve component.

Estep v. U. S., 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946) and Falbo v. U. S., 320 U.S. 549, 64 S.Ct. 346, 88 L. Ed. 305 (1944) cited by defendant, deal with conscientious objectors being classified 1–A by their Boards and available for induction. The Supreme Court in each of these cases reversed the convictions and they have no application to the case at hand. Blegen at no time represented himself as a conscientious objector, and certainly if he had any such scruples, they were not evident when he signed his reserve enlistment papers or in his correspondence and appearances before the Board.

■ Blegen has been afforded every opportunity before Local Board No. 122, the Appeal Board and at State Headquarters to present his reasons for not being classified 1–A and available for induction. Every avenue for consideration and review available to him has been utilized. A full and fair hearing reviewing these proceedings was provided for him in the District Court.

The judgment of the District Court is affirmed.

Affirmed.