420 F.2d 30
 UNITED STATES of America ex rel. James Anderson DEANS, Sr., a/k/a Richard B. Jenkins, Appellant,
v.
Honorable Clark CLIFFORD, Secretary of Defense of the United States of America, Honorable Stanley Resor, Secretary of the Army of the United States of America, Major General Kenneth W. Collins, Commander, United States Army, Fort Dix, New Jersey.
 No. 17794.
 United States Court of Appeals Third Circuit.
 Argued October 2, 1969.
 Decided January 5, 1970.
 
 Edward Carl Broege, Jr., New York City, for appellant.
 William Subin, Asst. U. S. Atty., Camden, N. J. & (Donald Horowitz, U. S. Atty., B. Dennis O'Connor, Asst. U. S. Atty., Newark, N. J., on the brief), for appellees.
 Before STALEY, SEITZ and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 VAN DUSEN, Circuit Judge.
 
 
 1
 This appeal is taken from a District Court order denying relator's petition for a writ of habeas corpus. He has been in the custody of the United States Army since his induction on July 16, 1968.
 
 
 2
 Most of the facts of this case were stipulated prior to argument before this court, and the stipulation was approved pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure. After conviction on September 23, 1966, for failing to submit to induction into the Army, under the Selective Service Act of 1948, Title 1, § 12, as amended, 50 U. S.C. App. § 462(b) (6) (1968), relator was sentenced to a three-year prison term. On February 1, 1967, relator petitioned the Attorney General for parole into the custody of the Armed Forces of the United States, pursuant to Executive Order 11,325, 32 C.F.R. § 1643 (1967). That Order provides that anyone convicted of a violation of the Selective Service laws[1] may be granted a parole into the custody of the Armed Forces of the United States by the Attorney General "if it is compatible with the public interest and the enforcement of the Military Selective Service Act of 1967." 32 C.F.R. § 1643.2. Application to the Attorney General must be made by the prisoner, and he must consent to induction into the Armed Forces. Id. § 1643.5(c) (1). If the parolee is not inducted into the Armed Forces, he must be returned to the correctional institution to complete his sentence. Id. § 1643.7. He is discharged from further confinement and supervision for the violation of the Selective Service laws upon his completion of his military service under honorable conditions. Id. § 1643.9.
 
 
 3
 The February 1, 1967, petition and several subsequent, similar petitions prior to July 16, 1968, were denied because of an embezzlement indictment containing three counts, which had been outstanding against relator since July 6, 1966. Because of the representations of relator that the pending indictment had been dismissed, he was paroled into the custody of the United States Army on July 16, 1968, pursuant to Executive Order 11,325.[2] Consistent with these representations, relator failed to list the outstanding indictment on two induction questionnaires[3] and he affirmatively listed the indictment as dismissed on his Statement of Personal History taken six days after his induction at Fort Jackson, South Carolina. The relator and all Government officials involved believed that the indictment had been dismissed before relator's induction.
 
 
 4
 The indictment was not in fact dismissed until October 8, 1968. The dismissal was probably based on a request by relator's former employer that the charges be dismissed on the fact that restitution was being made to the employer, and possibly on relator's induction into the Army.
 
 
 5
 Relator now challenges the July 1968 induction because of the outstanding indictment, relying on Army Regulation 601-270(23) (d), which provides:
 
 
 6
 "Criminal charges filed and pending. Men who have criminal charges filed and pending against them alleging a violation of a State, Federal, or territorial statute are unacceptable. * * * Waivers will not be granted in these instances."
 
 
 7
 Relying on the alleged principle that a Government agency is required to follow its own regulations, relator reasons that induction was illegal. See Oshatz v. United States, 404 F.2d 9 (9th Cir. 1968); Hammond v. Lenfest, 398 F.2d 705, 715 (2nd Cir. 1968); Briggs v. United States, 397 F.2d 370 (9th Cir. 1968); Roberts v. Vance, 119 U.S.App. D.C. 367, 343 F.2d 236 (1964); Chernekoff v. United States, 219 F.2d 721, 725 (9th Cir. 1955). Alternatively, relator argues that the Army was required to investigate the alleged dismissal of the pending charges before inducting him.[4] The Government argues that the Army Regulations are for the Army's internal convenience alone, and therefore cannot be used by an inductee to challenge his induction. See United States v. Brooks, printed at 415 F.2d 507-510 (M.D.Tenn. 1968), aff'd. 415 F.2d 502 (6th Cir. 1969). The Government also argues that the federal courts are without jurisdiction to grant habeas corpus relief to an inductee alleging illegal induction until such time as he has pursued administrative remedies within the Army to secure his release. See Craycroft v. Ferrall, 408 F.2d 587 (9th Cir. 1969). But see United States ex rel. Caputo v. Sharp, 282 F.Supp. 362 (E.D.Pa. 1968); cf. Powers v. Powers, 400 F.2d 438 (5th Cir. 1968). Because we feel that relator, under the unusual circumstances of this case, is estopped from challenging his induction on the basis of the pending criminal charges, we need not reach these issues.
 
 
 8
 Several applications of relator for parole under Executive Order 11,325 were denied because of his pending indictment.[5] Prior to the induction he challenges here, he represented to the Government that the indictment had been dismissed; the Attorney General relied on this representation in granting his application for parole, and his draft board and the Army relied on this representation in accepting him for induction. Had relator contradicted this representation at any time, he most probably would have been refused induction (despite his consent) and returned to prison. Having represented that the indictment was dismissed, he is now estopped from denying that fact. See, e. g., Reliance Molded Plastics, Inc. v. Jiffy Products, 215 F.Supp. 402, 413 (D. N.J. 1963), aff'd. per curiam 337 F.2d 857 (3rd Cir. 1964); Vigdor v. Young, 102 U.S.App.D.C. 414, 254 F.2d 333, cert. den. 358 U.S. 854, 79 S.Ct. 84, 3 L. Ed.2d 88 (1958); cf. Nickerson v. United States, 391 F.2d 760, 763 (10th Cir.), cert. den. 392 U.S. 907, 88 S.Ct. 2061, 20 L.Ed.2d 1366 (1968). That his representation was innocently made in no way alters this result. E. g., Countway v. Commissioner of Internal Revenue, 127 F.2d 69 (1st Cir. 1942).
 
 
 9
 The order of the District Court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 Relator was convicted in 1966 for a violation of the Selective Service Act of 1948. According to its terms, Executive Order 11,325 applies only to persons convicted for violating the Military Selective Service Act of 1967. Since neither relator nor the Government has suggested that the parole was therefore unauthorized, we need not consider the effect of this discrepancy
 
 
 [2]
 Paragraph 7 of the Stipulation provides:
 "The Attorney General relied on appellant's representations that the indictments had been dismissed in granting appellant's [relator's] parole into the custody of the Army, and the Army relied on appellant's representations in accepting him for induction."
 
 
 [3]
 In addition to a Record of Induction in which relator failed to list the pending indictment, relator also filled out an Eligibility Questionnaire prior to his induction on July 16, 1968. This document was signed by relator and provided:
 "I understand the information I have furnished is to be used in determining my eligibility for military service and it will be treated as privileged information. * * * I have not been given any advice by induction personnel to conceal any information regarding the entries I have made on this form * * *. I understand that this is my last opportunity to reveal this information. I certify that the answers to the above questions are my own, they are true and correct and I have furnished complete details concerning all answers marked `yes'."
 Relator answered the questions concerning prior convictions and pending actions "yes," but failed to list the pending state court indictment for embezzlement, either as outstanding or dismissed.
 
 
 [4]
 Under Army Regulation 601-270(3-9), a registrant is required to obtain a moral waiver from the Armed Forces Moral Waiver Determination Board if he has been convicted of a crime. Nevertheless,
 "Moral waivers will not be forwarded to the Armed Forces Moral Waiver Determination Board where the results of the investigation made * * * show that the criminal charges against the individual have been dismissed * * * without an adjudication of guilt. However, these cases will be thoroughly investigated before determination is made that no convictions * * * exist and to determine whether [any criminal charges are pending]."
 
 
 [5]
 Approximately 20 letters prior to July 16, 1968, from relator to the Judge who had sentenced him for failing to submit to induction indicated relator's realization that his parole under Executive Order 11,325 was being held up due to the pending state court indictment