**UNITED STATES of America ex rel. James Charles MAZENIS, Petitioner-Appellant,**

v.

**Lt. Col. Willie H. McBEE, Respondent-Appellee.**

**No. 18544.**

United States Court of Appeals, Seventh Circuit.

Dec. 1, 1970.

Michael E. Povich, Harvey, Ill., for appellant.

William J. Bauer, U. S. Atty., Matthias A. Lydon, Chicago, Ill., John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel, for appellee.

Before SWYGERT, Chief Judge, and KILEY and STEVENS, Circuit Judges.

PER CURIAM.

On June 18, 1970 James Charles Mazenis submitted to induction in the armed forces pursuant to an order of his draft board. He immediately filed a petition for a writ of habeas corpus, challenging the validity of the order. The district court denied the petition without an evidentiary hearing, and petitioner appealed. We affirm.

The allegations in petitioner's complaint, which must be taken as true, showed the following. Petitioner registered with his local board on June 25, 1963 and was initially classified I–A. In April 1966 petitioner enlisted in the Illinois National Guard and was reclassified I–D by the local board and served satisfactorily from July 24, 1966 to December 17, 1966.

On March 28, 1969 petitioner was certified to his local board by the National Guard for immediate priority induction under section 1631.8 of the Selective Service Regulations (32 C.F.R. § 1631.8) and section 6(c) (2) (D) of the Military Selective Service Act of 1967 (50 U.S.C. App. § 456(c) (2) (D)). Petitioner was so certified because of his failure to attend required drill; in fact, he was categorized by the National Guard as a "non-locatee."

On May 19, 1969 the local board ordered petitioner to report for induction. Not having received the order, he failed to report. In August 1969 petitioner was contacted by the Federal Bureau of Investigation and instructed to report to his local board; this he did on August 21, 1969. Thereafter, the local board asked the Illinois State Selective Service Headquarters whether petitioner should again be ordered to report for induction under section 1631.8. Pursuant to instructions from the State Headquarters, the board reordered petitioner to report on December 8, 1969. Petitioner reported, but refused to submit to induction. Thereupon he was placed under arrest and released on bond. Subsequently, petitioner enrolled at and entered Bogan Junior College in Chicago, as a full-time summer student. After such enrollment he submitted to induction and immediately filed his habeas application.

Petitioner contends that before ordering an accelerated induction under section 1631.8 the board should have reopened his classification and classified him I–A so as to give him the opportunity to challenge his classification through the Selective Service appeal procedures. He argues that there is no rational justification for denying his rights to a reopening and the ensuing administrative appeal upon a certification of delinquency. Upon reopening, petitioner says that he would have had the opportunity to submit information to his board mitigating the National Guard delinquency in such a way that would prompt his local board to recommend to the National Guard that it would be more equitable to order petitioner to active duty for twenty-four

months less good time previously served in the National Guard, or possibly the opportunity to "purge himself of his delinquency" so that he could be reinstated into the National Guard. Petitioner also says that during the pendency of his administrative appeals he would have had the opportunity to present a claim for a classification other than I–A if changed circumstances so warranted.

Petitioner is mistaken in his contentions. When the local board ordered petitioner to report for priority induction without reclassification, it was following the clear mandate of the regulation and the statute. When a national guardsman "fails to serve satisfactorily during his obligated period of service * * *," he is subject to priority induction (50 U.S. C. App. § 456(c) (2) (D)). Section 1631.8, the applicable regulation, provides that such a guardsman "shall be ordered to report for induction by the Local Board * * * without changing his classification." The validity of this regulation has been upheld. United States v. Lonstein, 370 F.2d 318 (2d Cir. 1966).

The decisions in Quaid v. United States, 386 F.2d 25 (10th Cir. 1967), and United States ex rel. Caputo v. Sharp, 286 F.Supp. 516 (E.D.Pa.1968), are cited to support petitioner's position. Defendant Quaid, like petitioner, was a delinquent reservist; but because he claimed an exemption as a conscientious objector, the court ruled that the local board erred in refusing to consider Quaid's claim before ordering his induction. Petitioner Caputo, also like petitioner here, was a delinquent reservist; but because he was found to be medically unfit for military service and had been classified IV–F, the court ruled that Caputo could not be inducted peremptorily under section 1631.8. Thus both Quaid and Caputo were held to have been entitled to a statutory exemption—something which petitioner is not claiming.

■ The Government argues that petitioner's asserted claim to a student deferment under 50 U.S.C. App. § 456(i) (2) may not be equated with a statutory exemption such as was considered in Quaid and Caputo. These cases, as we have indicated, hold that when the induction procedure set out in section 1631.8 conflicts with a clear statutory right to an exemption, the local board may not order induction without recognizing the delinquent reservist's claim to such an exemption. The Government's argument thus poses the question whether a delinquent reservist who is also a full-time student at the time the accelerated induction order is issued and who claims a student deferment under section 456(i) (2) should be afforded rights similar to those granted to Quaid and Caputo. We need not decide that question under the peculiar facts of this case.

The record clearly shows that petitioner was not a student pursuing a full-time course of instruction at the time he received his induction order, but rather enrolled during the period of his release on bond. Consequently he was not entitled to the benefit of section 456(i) (2). Furthermore, there was no obligation for the board to reopen petitioner's classification and consider his claim at the time his status as a student did come into existence subsequent to his induction order, since enrollment in college was a circumstance entirely within petitioner's control. See 32 C.F.R. § 1625.2.

Petitioner argues that our decision in United States v. Blegen, 407 F.2d 767 (7th Cir. 1969), supports his claim to a reopening of his classification prior to induction. There the delinquent reservist was reclassified I–A after he had been certified for priority induction and was then afforded both a personal appearance before the board and an appeal. But we did not hold, as petitioner implies, that reclassification to I–A and consequent reopening was required. In fact, we indicated the opposite—that the defendant had gotten more consideration than he was legally entitled to receive.

The denial of the writ is affirmed.